Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| MUNICIPIO AUTÓNOMO DE CAGUAS<br><br>Recurridos<br><br>v.<br><br>IRENE RODRÍGUEZ AGUAYO<br>HOUSING INVESTMENT CORP., CENTRO DE RECAUDACIONES, INGRESOS MUNICIPALES<br><br>Peticionarios | KLCE202301446 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso número: CG2022CV00635<br><br>Sobre: EXPROPIACIÓN FORZOSA |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**S E N T E N C I A**

En San Juan, Puerto Rico, a 29 de febrero de 2024.

Comparecen el Lcdo. Christian J. Francis Martínez (Lcdo. Francis Martínez o el peticionario) y el Bufete Francis & Gueits Law Offices P.S.C. y solicitan la revocación de la *Orden* emitida el 16 de noviembre de 2023, por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI o foro primario), notificada el 22 de noviembre del mismo año. Mediante la referida *Orden,* el foro primario declaró *No Ha Lugar* la solicitud del Lcdo. Christian J. Francis Martínez, para obtener la regrabación de la vista celebrada el 8 de noviembre de 2023 ante el TPI, en el pleito de expropiación forzosa instado ante dicho foro por el Municipio Autónomo de Caguas (Municipio de Caguas o parte recurrida), en contra de Irene Rodríguez Aguayo (señora Rodríguez Aguayo), Housing Investment Corp., (Housing Investment), y el Centro de Recaudación de Ingresos Municipales (CRIM), (en conjunto, los peticionarios). Concluyó el foro primario que el Lcdo. Francis Martínez ya no es abogado en el

Número Identificador

SEN2023 _____

caso de expropiación forzosa, con designación alfanumérica CG2022CV00635, luego de que el Municipio de Caguas le solicitara la renuncia públicamente e instruyó a la Secretaría del TPI a remover al Lcdo. Francis Martínez de las notificaciones del caso de epígrafe.

Por los fundamentos que expondremos a continuación, *denegamos* el recurso de *certiorari.*

## I.

El 3 de marzo de 2022, el Municipio de Caguas, representado en esa fecha por el Lcdo. Francis Martínez, presentó ante el TPI una *Petición* de expropiación forzosa de un inmueble que se encuentra en su demarcación municipal, y que fue declarado estorbo público por la Oficina de Permisos del Municipio de Caguas, en el caso REP-2018-01141. La propiedad consiste en un solar de 336 metros cuadrados de terreno en el que enclava una estructura construida en hormigón en desuso ubicado en la Urbanización Villa del Rey II, Calle Carlo Magno 2D-11, Caguas PR 00725.[1] En síntesis, alegó el Municipio de Caguas que la propiedad lleva muchos años en estado de abandono y atenta contra la seguridad y salubridad de vecinos.

Tras varios incidentes procesales, el 11 de octubre de 2023, el foro primario emitió *Orden* en la que aceptó la nueva representación legal anunciada por Municipio de Caguas.[2]

En lo pertinente, el 8 de noviembre de 2023, se celebró una vista ante el foro primario a la que compareció el Lcdo. Francis Martínez. En esa fecha, el peticionario presentó *Moción de Regrabación de Vista* en la que solicitó al TPI la regrabación de la vista celebrada el 8 de noviembre de 2023.[3]

---

[1] Véase Anejo 2 de la Petición de *Certiorari,* páginas 2-5 del Apéndice.
[2] Véase Entrada Núm. 41 de SUMAC
[3] Véase Anejo 9 de la Petición de *Certiorari,* páginas 49-50 del Apéndice.

Mediante *Orden* emitida el 16 de noviembre de 2023, notificada el 22 de noviembre de 2023, el foro primario declaró *No Ha Lugar* la *Moción de Regrabación de Vista* presentada por el Lcdo. Francis Martínez. El TPI fundamentó su denegatoria en que el Lcdo. Francis Martínez ya no es abogado en el caso de expropiación forzosa luego de que el Municipio de Caguas le solicitara la renuncia públicamente. Así las cosas, en la aludida *Orden,* el foro primario instruyó a la Secretaría del TPI a remover al Lcdo. Francis Martínez de las notificaciones del caso.[4]

Inconforme, el 27 de noviembre de 2023, el Lcdo. Francis Martínez solicitó reconsideración al foro primario.[5] También, el 29 de noviembre de 2023, el Lcdo. Francis Martínez presentó *Moción Dirigida a la Jueza Administradora en Solicitud de Regrabación* y en igual fecha el TPI emitió *Orden* en la que dispuso que ya el asunto había sido resuelto por el Juez Elías Rivera Fernández.[6]

En desacuerdo, el Lcdo. Francis Martínez recurre ante nos mediante el recurso de epígrafe presentado el 21 de diciembre de 2023 y como único señalamiento de error sostiene lo siguiente:

**ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR LA SOLICITUD DEL BUFETE FRANCIS & GUEITS LAW OFFICES P.S.C. DE QUE SE LE PROVEA COPIA DE LA REGRABACIÓN DE LA VISTA CELEBRADA EL 8 DE NOVIEMBRE.**

El 2 de febrero de 2024, el Municipio de Caguas compareció ante nosotros mediante *Contestación a Recurso de Certiorari.* En síntesis, la parte recurrida sostiene que toda vez que el Lcdo. Francis Martínez no representa al Municipio de Caguas desde el 11 de octubre de 2023, éste carece de legitimación para solicitar la regrabación de la vista celebrada en el pleito de epígrafe, a la cual no tenía derecho a comparecer por no ser parte ni representante

---

[4] Véase Anejo 1 de la Petición de *Certiorari,* página 1 del Apéndice.
[5] Véase Anejo 10 de la Petición de *Certiorari,* páginas 51-59 del Apéndice.
[6] Véase Anejo 11 y anejo 12 de la Petición de *Certiorari,* páginas 60-65 del Apéndice.

legal de ninguna de las partes en esa fecha. Razona el Municipio de Caguas que, por ello, el Lcdo. Francis Martínez debe hacer su reclamo en un pleito independiente, de conformidad con lo dispuesto en el Artículo 9 de la Ley Núm. 141-2019, conocida como *Ley de Transparencia y Procedimiento Expedito para el Acceso a la Información Pública.*

**II.**

A.

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. Y otros*, 2023 TSPR 65, 212 DPR ___ (2023). *Véase, además, Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León Corp. V. AIG*, 205 DPR 163, 174 (2020); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez, supra.* Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León Corp. V. AIG, supra.* No obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra.*

A esos efectos, la Regla 52.1 de Procedimiento Civil (32 LPRA Ap. V) limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari.* Véase, *Scotiabank of PR v. ZAF Corp.,* 202 DPR 478, 486-487 (2019). En lo pertinente, la precitada disposición reglamentaria, *supra,* dispone que:

El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia, al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Si ninguno de esos elementos está presente en la petición ante la consideración del Tribunal, procede abstenerse de expedir el auto, de manera que se continúen los procedimientos del caso, sin mayor dilación, ante el Tribunal de Primera Instancia. *García v. Asociación*, 165 DPR 311, 322 (2005); *Meléndez Vega v. Caribbean Intl. News*, 151 DPR 649, 664 (2000); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari. Torres González v. Zaragoza Meléndez, supra.* En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari,* o de una orden de mostrar causa:

A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F.  Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León, supra*, pág. 918.

Ahora bien, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *Pueblo v. Rivera Santiago, supra*, pág. 581; *S.L.G. Flores, Jiménez v. Colberg*, 173 DPR 843 (2008).

**III.**

Es la contención principal del Lcdo. Francis Martínez en el caso de epígrafe, que la regrabación de la vista solicitada al foro primario constituye información pública y que, además, figuró como abogado de récord en la vista cuya regrabación es objeto de su solicitud. Sin embargo, contrastada su postura con la valoración del foro recurrido en cuanto a que con su renuncia ya no existe la base

que cimentó su comparecencia, resulta claro que el Tribunal de Primera Instancia no excedió el marco razonable de su discreción.

Al examinar el trámite procesal del caso, específicamente, la *Moción de Regrabación de Vista* que presentó el Lcdo. Francis Martínez y la *Orden* que emitió el TPI el 16 de noviembre de 2023, no encontramos indicio de que el TPI haya actuado de forma arbitraria, caprichosa, haya abusado al ejercer su discreción, o cometido algún error de derecho. *Pueblo v. Rivera Santiago*, *supra*; *S.L.G. Flores, Jiménez v. Colberg*, *supra*. Véase, además, *Trans-Oceanic Life Ins. V. Oracle Corp*, 184 DPR 689, 709 (2012).

En el caso que nos ocupa, el foro primario evaluó la *Moción de Regrabación de Vista* y, en consecuencia, declaró *No Ha Lugar* la solicitud del Lcdo. Francis Martínez. Con tal proceder, el foro primario actuó dentro de su discreción y conforme a derecho. Así, no debemos perder de perspectiva que, el Tribunal tiene amplia facultad para disponer de los procedimientos ante su consideración de forma que se pueda asegurar la más eficiente administración de la justicia. *Vives Vázquez v. E.L.A.*, 142 DPR 117 (1996).

En conclusión, conforme a la Regla 52.1 de Procedimiento Civil, *supra*, y evaluados los criterios establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos denegar el *certiorari* solicitado, pues no identificamos fundamentos jurídicos que nos motiven a expedir el mismo. La *Orden* que se pretende revisar fue dictada por un tribunal con jurisdicción y no amerita nuestra revisión inmediata.

**IV.**

Por los fundamentos anteriormente expuestos, denegamos el recurso de *certiorari* que presentó el Lcdo. Francis Martínez.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones